[Crim. No. 7549. In Bank. April 21, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. EDMUNDO PORTILLO TORRES, Defendant and Appellant.

Charles V. Eckert III, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, J.—Defendant appeals from a judgment following jury convictions of the sale of heroin in two counts. (Health & Saf. Code, § 11501.) The indictment also charged, and defendant admitted, two prior convictions, one a narcotics violation. The order denying defendant's motion for a new trial being nonappealable his purported appeal therefrom must be dismissed. (Pen. Code, § 1237.)

The prosecution presented substantial evidence that at approximately 10 a.m. on January 12, 1961, the defendant sold capsules containing heroin to an officer of the State Bureau of Narcotics (count I) and that a comparable transaction occurred at approximately 8 p.m. on January 25, 1961, (count II). The defense to both counts was an alibi.

As to the first count, defendant presented evidence that from December 18 to January 18 his wife was confined in a hospital; that during this time he and his minor children were living with a friend, and that on the day of the alleged offense he was ill and had remained at home in bed. This evidence was corroborated by relatives, friends and hospital records.

Defendant's testimony as to the offense charged in the second count, contrary to the testimony of the narcotic agent, was that he was not at home at the time claimed; that on the evening of January 25 he and his wife attended a motion picture, "Sunrise at Campobello" at the State Theater in Santa Barbara, and on that particular evening it had rained. His wife, his sister and mother all corroborated such testimony. The theater manager testified that the motion picture "Sunrise at Campobello" was shown at his theater from January 25 through January 31. Defendant then called a meteorologist who testified as to the rain and the amount which had fallen on January 25. Defendant next sought to establish through his witness that it did not rain on any other day while "Sunrise at Campobello" was showing at

the State Theater. An objection to such line of questioning was sustained on the ground of immateriality.

Defendant first contends that the court erred in refusing to allow the witness to answer and with this contention we must agree, particularly under the circumstances of the instant case.

Defendant's arrest did not occur until some 15 months after the alleged offenses. The reason therefor appears to have been that the law enforcement officers intentionally delayed making an arrest in defendant's case in order that they might continue to develop evidence of additional narcotic violations against other persons. The delay did not prejudice the presentation of the case for the prosecution, since its witnesses were able to resort to their notes, records and recollections of transactions which they had special reasons to remember and thus establish a convincing case.

But the defendant was placed in an entirely different situation. If innocent, as presumed to be before the trial court, there would have been no reason for him to have made notes or records of what had transpired on a given night 15 months prior to his arrest. On the other hand had defendant made notes or records of his activities on a particular evening, the trier of fact might well question the motive which prompted defendant's actions as well as the testimony of his corroborating witnesses. Stated otherwise, under such circumstances serious doubt might be cast on the accused and his witnesses' credibility, which doubt would extend to the whole of their testimony. But if the accused could connect his activities with some collateral matter which in the normal course of events would be remembered and the date of which could be firmly established by independent testimony of uncontrovertible scientific facts, his testimony would be susceptible to more positive belief. Furthermore, a collateral fact is relevant when it tends in some manner to make the essential facts in issue more certain. (See *People* v. *Kristy*, 111 Cal. App.2d 695, 709 [245 P.2d 547]; *People* v. *Billings*, 34 Cal. App. 549, 552 [168 P. 396].) Certainly here such facts were relevant since they went to the very basis of his sole defense —that of alibi.

In the instant case defendant sought to establish that he saw a particular motion picture at a particular theater; that he saw it on a rainy evening; that there was but one rainy evening while the picture was showing at that theater and thus, that he saw it on that evening. If he could establish these facts convincingly the jury undoubtedly would have

given greater weight to his testimony. Hence defendant's offer was not immaterial, and it was error to deny him the opportunity to develop his alibi.

The alibi, aside from defendant's direct denial of participation in the transaction, was his only real defense. It was a defense of some substance, being supported by other witnesses. It is of little assistance to defendant to state, as the People do, that while the fact of rain on the evening of January 25 was not disputed defendant nevertheless failed at the trial to connect such fact with his witnesses' recollection of the particular night he and his wife attended the motion picture, and for that reason he was not prejudiced. Manifestly defendant's offer of proof demonstrated his intention, if permitted, to connect the fact of rain with the particular evening, and only that evening on which he attended the theater. This intent was frustrated not by any failure on his part but because of the ruling of the court. The right to establish the alibi would be a hollow one if we were to now hold that the offer of evidence was fairly excluded because that very exclusion precluded utilization of the evidence to establish the alibi. This is the precise impropriety of which defendant complains.

Nor can we conclude, as the People urge, that the jury chose not to believe defendant's witnesses, but rather believed those of the prosecution and for that reason defendant was not prejudiced. The fact that the jury was so inclined, in the absence of the offered testimony, is the very thing which makes it error to have excluded the testimony. The whole purpose of the offer was to persuade the jury to believe otherwise, and we cannot justify the exclusion on the ground that without benefit of the full disclosure of the alibi evidence the jury was not persuaded by that portion of the evidence which was placed before it.

It thus appears that prejudicial error resulted from the court's refusal to allow into evidence substantial testimony which could have been weighed in determining defendant's guilt as to the charge of the narcotics violation of January 25. However, there is no contention made that such error affected those portions of the trial resulting in the conviction for the January 12 violation. Nevertheless it appears that the defendant's inability to establish that his January 25 alibi testimony was truthful had a much broader effect than merely to cast suspicion on that alibi. Not only the alibi but also defendant's credibility was in issue. By preventing

him from establishing the alibi he was also prevented from establishing his truthfulness before the jury, and the atmosphere of falsity infected the whole of his defense. Manifestly therefore the error was prejudicial as to both counts.

Other claims of error urged by the defendant are not meritorious.

The judgment is reversed as to both counts.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.