[Crim. No. 241. Fifth Dist. June 13, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS MENDEZ CASAREZ, Defendant and Appellant.

Mikio T. Uchiyama, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Jack R. Winkler, Gordon F. Bowley and Arnold O. Overoye, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—This is an appeal from a judgment of conviction in which defendant, after court trial, was found guilty of three counts of purveying narcotics in violation of section 11501 of the Health and Safety Code. The only question presented is whether he was deprived of his Sixth and Fourteenth Amendment right to be confronted with the witnesses against him at his trial.

Appellant was charged with the sale of heroin to one Tom Ross on three different occasions. Ross, a paid informer, made arrangements to purchase the narcotics from appellant with the assistance of the Fresno Police Department. Ross testified at appellant's preliminary hearing. Ross, however, did not appear at the defendant's trial; he was apparently in Chicago. The trial court expressly found Ross was absent from the jurisdiction and admitted his prior testimony pursuant to section 686 subdivision 3 of the Penal Code.[1] In

---

[1] At the time of trial section 686, subdivision 3 (which has now been superseded by the Evidence Code) provided in pertinent part as follows:

"In a criminal action the defendant is entitled:

"1. . . . .

"2. . . . .

"3. To produce witnesses on his behalf and to be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness; . . . and except also that in the case of offenses hereafter committed the testimony on behalf of the people or the defendant of a witness deceased, insane, out of jurisdiction, or who can not, with due diligence, be found within the state, given on a former trial of the action in the presence of the defendant who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted." (Superseded by Evidence Code as of Jan. 1, 1967.)

making this finding the trial court relied on the testimony of Agent Gary Shoemaker and Lieutenant R. E. Spyers.

Gary Shoemaker is an agent with the Bureau of Narcotics of the Department of Justice. He testified that shortly before the trial he checked with Ross' relatives and learned Ross was in Chicago. Shoemaker then telephoned the Chicago telephone number given to him by Lieutenant R. E. Spyers, but the person who responded said Ross was downtown. Later Shoemaker phoned again and asked if he was speaking to the Tom Ross that used to live in Hanford, California. The person replied, ''Yes, I am his brother.'' Shoemaker stated he talked to Ross on the phone prior to this instance and opined that the person he talked to at the Chicago number was in fact Ross.

R. E. Spyers is a lieutenant in the Hanford Police Department. He testified Ross had gone to Chicago on at least five other occasions when he was supposed to testify for the prosecution in cases he had worked on as an informer. Spyers said that on each of these occasions he talked to Ross by telephone in Chicago. Spyers added that he gave the Chicago telephone number to Agent Shoemaker.

Respondent does not deny the right of confrontation of the Sixth Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment (*Pointer* v. *Texas,* 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065].). He merely argues there was sufficient evidence for the trial court to find Ross was in Chicago and hence absent from the jurisdiction at the time of defendant's trial. Respondent therefore concludes the court properly admitted Ross' prior testimony since the record clearly shows Ross was extensively cross-examined by defendant's counsel at the preliminary hearing.

It has been the rule in this state that a witness's testimony at a defendant's preliminary hearing is admissible against the defendant at his trial if the defendant had the opportunity to cross-examine the witness and if the witness is deceased, insane or cannot with due diligence be found within this state (see *People* v. *Banks,* 242 Cal.App.2d 373 [51 Cal. Rptr. 398]). Under these circumstances the testimony was deemed admissible as a traditional exception to the constitutional right of confrontation (*Mattox* v. *United States,* 156 U.S. 237, 242-243 [39 L.Ed. 409, 410-411, 15 S.Ct. 337]).

However, the United States Supreme Court has recently held that a mere showing the witness was absent from the jurisdiction (absent from the state) was not enough when the

state knew his whereabouts. The state must also show that it made a good faith effort to obtain his presence at the trial (*Barber* v. *Page* (1968) 390 U.S. 719 [20 L.Ed.2d 255, 88 S.Ct. 1318]). Significantly, the court stated at pages 723-724 [20 L.Ed.2d at pp. 259-260, 88 S.Ct. at p. 1321] :

"We start with the fact that the State made absolutely no effort to obtain the presence of Woods at trial other than to ascertain that he was in a federal prison outside Oklahoma. It must be acknowledged that various courts and commentators have heretofore assumed that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that 'it is impossible to compel his attendance, because the process of the trial Court is of no force without the jurisdiction, and the party desiring his testimony is therefore helpless.' 5 Wigmore, Evidence § 1404 (3d ed. 1940).

"Whatever may have been the accuracy of that theory at one time, it is clear that at the present time increased cooperation between the States themselves and between the States and the Federal Government have largely deprived it of any continuing validity in the criminal law."

". . . In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly."

With this recent articulation of our highest court in mind, we must reverse the judgment in the instant case. The record reveals the officers (and apparently the prosecutor) made absolutely no effort to secure Ross' presence at the defendant's trial once they learned he was in Chicago. The officers made no effort, by personal contact or otherwise, to persuade the witness to return to California nor did they seek the witness's attendance under the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. And, significantly, the Uniform Act was in effect in both California and Illinois at the time of defendant's trial.[2]

---

[2]The Act has been in effect in California since 1937 (chapter 3a, tit. 10, pt. 2 commencing with section 1334 of the Penal Code); the Uniform Act was also adopted in the State of Illinois in 1959 (9 U.L.A. 86).

Respondent's contention that the admission of Ross' testimony was not prejudicial error under California Constitution, article VI, section 13, is without substantial merit. It is of course true, according to respondent's witnesses, appellant made several extremely incriminating admissions after he was arrested. He also made an incriminating admission when he testified at his trial. It is likewise true the testimony of Tom Ross was well corroborated by substantial circumstantial evidence. However, be this as it may, the fact remains Ross' testimony was a substantial and important part of the respondent's case. Thus, we cannot hold there was no reasonable possibility that a result more favorable to appellant would have been reached if the court had not admitted Ross' testimony (see *Chapman* v. *California,* 386 U.S. 18 [17 L.Ed. 2d 705, 87 S.Ct. 824]).

 ·We note in passing appellant's trial counsel did not object to the admission of Ross' testimony once respondent laid the foundation that Ross was in Chicago. However, appellant's trial was concluded prior to the United States Supreme Court's decision in *Barber* v. *Page, supra,* when a mere showing the witness was absent from the jurisdiction was deemed sufficient to allow admission of the testimony. Thus, defendant's failure to object at the trial was not a waiver of his constitutional right (*People* v. *Hillery,* 62 Cal. 2d 692, 711 [44 Cal.Rptr. 30, 401 P.2d 382], cert. den. 380 U.S. 946 [13 L.Ed.2d 965, 85 S.Ct. 1032]; *People* v. *Davis,* 62 Cal.2d 791, 796 [44 Cal.Rptr. 454, 402 P.2d 142]; *People* v. *Forbs,* 62 Cal.2d 847, 851 [44 Cal.Rptr. 753, 402 P.2d 825]).

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 8, 1968.