[Crim. No. 14284. Second Dist., Div. Four. Sept. 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EUGENE WOODS, Defendant and Appellant.

David W. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—After a trial before the court sitting without a jury, defendant was found guilty of robbery, second degree (Pen. Code, §§ 211, 211a). He is appealing from the judgment. His notice of appeal also refers to the order denying a new trial, which is not an appealable order.

The evidence in the record is adequate to support the judgment, when tested by the standard applied in a reviewing court. The victim, Mr. Merton Buckley, was drinking in a bar on Main Street in downtown Los Angeles. When he went next door for a cup of coffee, defendant and another man who had been in the bar with him went along, though not by invitation. As Buckley left there to go to the depot, the two men walked along and "escorted" Buckley down a side street, where they removed his wristwatch and "lifted" his wallet and coins from his pocket. Buckley had not intended to walk down that side street, but he submitted through fear. Immediately afterwards Buckley reported this robbery to a police officer on foot patrol. While they were together, Buckley saw

defendant pass by and enter a bar. Defendant was arrested, handcuffed, placed in the rear seat of a police vehicle and transported to police headquarters. When the officer put on the handcuffs defendant was wearing a wristwatch. On arrival at headquarters the watch was missing. The officer asked him about it and defendant denied having had any watch. The watch, along with a card case containing a credit card and other papers bearing the name of Merton C. Buckley, were found behind the seat of the police car in which defendant had been riding. Buckley had never been in the back seat of that police vehicle.

Defendant, testifying on his own behalf, admitted that he had been with Buckley in the bar, but denied having walked down the side street with him and denied having taken anything from him. This conflict in the evidence was conclusively resolved by the decision of the trial court. (*People* v. *Hills,* 30 Cal.2d 694, 700 [185 P.2d 11].)

█ Defendant contends he is entitled to a new trial because the testimony of Buckley was read from the preliminary transcript, in violation of defendant's Sixth Amendment right ''to be confronted with the witnesses against him,'' as recently interpreted in *Barber* v. *Page* (1968) 390 U.S. 719 [20 L.Ed.2d 255, 88 S.Ct. 1318].

The record of the trial shows that immediately after defendant had waived a jury trial this occurred:

''MR. HALPIN: . . . In this matter, your Honor, the victim, Mr. Merton C. Buckley, is a resident of the State of Washington and my process server, Mr. Herschel Aaron, indicates to me that he has communicated with Mr. Buckley in the State of Washington and I have seen a telegram, but apparently Mr. Aaron kept the telegram himself and that states that Mr. Buckley is in the State of Washington and unavailable to testify at this time. I ask counsel to stipulate as a fact that Mr. Aaron would so testify if he were called.

''MR. ROCHMAN: So stipulate.''

After that the transcript of the testimony of Mr. Buckley was handed to the court, and the text was copied into the reporter's transcript of the trial. Defendant offered no objection to this procedure.

It does not appear that defendant expressly stipulated to the use of the transcript, nor did counsel agree that the witness was unavailable. The stipulation was only that Herschel Aaron would testify that the witness was in the State of Washington and unavailable. Though Aaron might have been

competent to testify that Mr. Buckley was in Washington, the statement that he was ''unavailable'' was a pure conclusion, not supported by any facts shown in this record. It is always possible that a witness who is out of the jurisdiction will return voluntarily if requested to do so. Furthermore, the Uniform Act to Secure the Attendance of Witnesses from without the State in Criminal Cases has been in force in California since 1937 (Pen. Code, § 1334 et seq.) and in the State of Washington since 1943 (R.C.W., § 10.55.010 et seq.). Under these acts a person within the State of Washington may be compelled to come to California to testify in a criminal case.

Under California law, as it was prior to the adoption of the Evidence Code, the testimony given at the preliminary examination could be used at the trial upon a showing that the witness was outside the state, without any showing that he could not be persuaded or compelled to attend the trial. (See Pen. Code, § 686 as amended, Stats. 1911, ch. 187, § 1, p. 364, prior to the operative date of Stats. 1965, ch. 299, p. 1297; *People* v. *Carswell* (1959) 51 Cal.2d 602, 605 [335 P.2d 99].)

The Evidence Code, which became operative on January 1, 1967, simultaneously with an amendment to Penal Code section 686, changed that rule. Evidence Code section 1291, subdivision (a), provides that ''Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness. . . .'' Evidence Code section 240 defines ''unavailable as a witness.''[1] Under that definition, the mere fact that the witness was in the State of Washington would not make him ''unavailable'' without some further showing.

Under the law as it existed when the case at bench was tried (July 31, 1967) the fact that Mr. Buckley was in the State of Washington was not enough to make his former testimony admissible, since he was in a place from which his presence could be compelled by process.

---

[1]Evidence Code section 240, subdivision (a): ''Except as otherwise provided in subdivision (b), 'unavailable as a witness' means that the declarant is:

(1) Exempted or precluded on the ground of privilege from testifying concerning the matter to which his statement is relevant;

(2) Disqualified from testifying to the matter;

(3) Dead or unable to attend or to testify at the hearing because of then existing physical or mental illness or infirmity;

(4) Absent from the hearing and the court is unable to compel his attendance by its process; or

(5) Absent from the hearing and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance by the court's process.''

■ It is the usual rule that if evidence is not objected to in the trial court, the defendant may not complain of it on appeal. (*People* v. *Robinson* (1965) 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) ■ In the case at bench there is nothing extraordinary about the failure of counsel to object to the use of the preliminary transcript. Counsel may have been aware of circumstances not stated which made Buckley in fact unavailable; or defendant may have believed that it was to his best interest not to demand that the victim come back to testify in person. Although a defendant has a constitutional right to be confronted by the witnesses against him, personal confrontation is not necessarily the most beneficial for him. Buckley had been cross-examined extensively at the preliminary, and the apparent weaknesses in his story had been exploited. Defendant's defense consisted of his taking the witness stand and contradicting Buckley. If Buckley were forced to appear, he would be available both to assist the prosecutor in cross-examining defendant and perhaps to give further testimony in rebuttal. It is reasonable to assume that defendant and his counsel concluded that their prospects for successfully rebutting a cold transcript would be no less than their chances of refuting the victim in person.

On April 23, 1968, the Supreme Court handed down its decision in *Barber* v. *Page*, 390 U.S. 719 [20 L.Ed.2d 255, 88 S.Ct. 1318], which holds that the mere absence of the witness from the jurisdiction is not sufficient ground for introducing the testimony given at the preliminary hearing. The court pointed out that it is often possible to procure the presence of out-of-state witnesses under modern procedures, and concluded (at p. 260 [20 L.Ed.2d] : ''In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.''

In *People* v. *Casarez* (1968) 263 Cal.App.2d 130 [69 Cal. Rptr. 187], a case tried in 1966 prior to the operative date of the Evidence Code, the trial court received in evidence some testimony given at the preliminary examination upon a showing that the witness was absent from the state. Although the defendant had not objected to that evidence at the trial, the appellate court reversed upon the authority of *Barber* v. *Page*, *supra*. Under the circumstances, Casarez could not have objected successfully at the time of trial because the Evidence Code was not then in effect and the *Barber* rule had not been announced, hence a failure to object could not be treated as a waiver.

Although the definition of ''unavailable'' under *Barber* v. *Page* may not be coterminous with that in Evidence Code section 240, they have the same application to the facts of the case at bench. Under California law, at the time this case was tried, defendant had the opportunity to object to the use of the transcript, but he chose not to do so. There is no reason here for departing from the rule that the admissibility of the evidence may not be reviewed in the absence of a trial court objection.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.