[Crim. No. 14001. In Bank. July 10, 1970.]

In re WILLIAM EDWARD MONTGOMERY on Habeas Corpus.

864

## COUNSEL

Monte E. McFadden, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Arnold O. Overoye, Deputy Attorney General, for Respondent.

## OPINION

WRIGHT, C. J.—Petitioner was convicted on January 21, 1964, of two counts of robbery in the first degree. (Pen. Code, § 211.) Sentences were ordered to run concurrently. The only evidence introduced by the People on count I, the robbery of John Dewey Bloss on September 29, 1963, was the transcript of Bloss' testimony at the preliminary hearing. The testimony was admitted, over petitioner's objection, after the People had established that Bloss was absent from the state at the time of the trial.

At the trial on January 17, 1964, the prosecutor stated that a subpoena previously had been sent to Bloss at his place of employment. Bloss was in New York at that time but was expected to return on January 4, 1964. During the noon recess an investigator made a telephone call to Bloss in New York, and he was informed that Bloss planned to remain in that state for an extended period of time. This constituted the entire showing of the prosecution's "good faith effort" to locate the absent witness and to secure his presence at the trial.[1]

In this habeas corpus proceeding petitioner challenges his conviction on that count contending that it is invalid because he was denied the right of confrontation and cross-examination of witnesses as set forth in *Barber* v. *Page* (1968) 390 U.S. 719 [20 L.Ed.2d 255, 88 S.Ct. 1318], made "fully retroactive" by *Berger* v. *California* (1969) 393 U.S. 314 [21 L.Ed.2d 508, 89 S.Ct. 540].[2]

---

[1]At the time of the trial both California and New York had adopted the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings. (See Pen. Code, § 1334 et seq.; New York Laws 1936, ch. 387 now contained in Code of Criminal Procedure, § 618(a).)

[2]Petitioner's appointed counsel filed a "no merit" brief on appeal and the Court of Appeal, Second District, affirmed the convictions after reviewing the record. On the basis of the "no merit" brief, the Attorney General urges that this court treat the petition for a writ of habeas corpus as a motion to recall the remittitur and reinstate the appeal. We do not consider that procedure to be required in this case since the record on appeal is before us in this habeas corpus proceeding, petitioner is now

In *Berger* the United States Supreme Court held that because a defendant's lack of opportunity to cross-examine a witness at trial may have a significant effect on the "integrity of the fact-finding process" (*Linkletter* v. *Walker* (1965) 381 U.S. 618, 639 [14 L.Ed.2d 601, 614, 85 S.Ct. 1731]), *Barber* v. *Page* must be given *"fully retroactive application."* (*Berger* v. *California, supra,* 393 U.S. 314, 315 [21 L.Ed.2d 508, 510]; italics added.) The Attorney General contends, however, that by "fully retroactive" the court meant retroactive only to April 5, 1965, the date upon which *Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065], which the court stated had "foreshadowed, if not preordained" *Barber,* was decided. He urges that prosecutors reasonably relied on pre-*Pointer* law. Whatever merit there may be in this contention, we are of the opinion that the court did not intend that that phrase should, in any way, limit the retroactive effect of *Berger.*

Although the United States Supreme Court stated that *Barber* was preordained by *Pointer,* it is equally true that it was also foreshadowed by earlier cases dealing with the right to confrontation and cross-examination of witnesses. That area of the law was not clearly delineated prior to *Pointer.* (See *Turner* v. *Louisiana* (1964) 379 U.S. 466, 472-473 [13 L.Ed.2d 424, 428-429, 85 S.Ct. 546]; *Greene* v. *McElroy* (1959) 360 U.S. 474, 496-497 [3 L.Ed.2d 1377, 1390-1391, 79 S.Ct. 1400]; *In re Oliver* (1948) 333 U.S. 257, 273 [92 L.Ed. 682, 694, 68 S.Ct. 499]; see also *Kirby* v. *United States* (1899) 174 U.S. 47, 55 [43 L.Ed. 890, 893, 19 S.Ct. 574]; *Alford* v. *United States* (1931) 282 U.S. 687, 692 [75 L.Ed. 624, 628, 51 S.Ct. 218]; and *Willner* v. *Committee on Character* (1963) 373 U.S. 96, 103-104 [10 L.Ed.2d 224, 229-230, 83 S.Ct. 1175] ["Procedural due process often requires confrontation and cross-examination"].) Indeed, it may well be said that this entire area may have been "foreshadowed" by *Motes* v. *United States* (1900) 178 U.S. 458 [44 L.Ed. 1150, 20 S.Ct. 993], which reversed a conviction based on an absent witness' statements at the preliminary hearing, where such absence was a direct result of negligence by the prosecution. (Cf. *Mattox* v. *United States* (1895) 156 U.S. 237 [39 L.Ed. 409, 15 S.Ct. 337].) Thus the argument of reliance of prosecutors on pre-*Pointer* law cannot be persuasive to limit the retroactivity of *Barber* in light of the express language of *Berger.* However, even if the impact of retroactivity may be significant, *Berger* must be interpreted in accord with its plain language to make *Barber* fully retroactive, for the constitutional error presents a serious risk that the issue of guilt or innocence may not have been reliably determined. (Cf. *Roberts* v. *Russell* (1968) 392 U.S. 293, 295 [20 L.Ed.2d 1100, 1103, 88 S.Ct. 1921].)

represented by counsel and we are therefore in a position to review any error that might have been raised on appeal.

The United States Supreme Court has consistently accorded full retro-activity to rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial. (*Arsenault* v. *Massachusetts* (1968) 393 U.S. 5 [21 L.Ed.2d 5, 89 S.Ct. 35]; *Roberts* v. *Russell, supra,* 392 U.S. 293, 294 [20 L.Ed.2d 1100, 1102]; *Stovall* v. *Denno* (1967) 388 U.S. 293, 298 [18 L.Ed.2d 1199, 1204, 87 S.Ct. 1967]; see *Linkletter* v. *Walker* (1965) 381 U.S. 618, 639, fn. 20 [14 L.Ed.2d 601, 614, 85 S.Ct. 1731]; *Johnson* v. *New Jersey* (1966) 384 U.S. 719, 727-728 [16 L.Ed.2d 882, 888-889, 86 S.Ct. 1772]; *Jackson* v. *Denno* (1964) 378 U.S. 368 [12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205]; *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *Reck* v. *Pate* (1961) 367 U.S. 433 [6 L.Ed.2d 948, 81 S.Ct. 1541].) The denial of the right to confrontation and cross-examination is such a serious flaw. (*Pointer* v. *Texas, supra,* 380 U.S. 400, 405 [13 L.Ed.2d 933, 927]; *Barber* v. *Page, supra,* 390 U.S. 719, 721 [20 L.Ed.2d 255, 258].)

■ The ability of the fact finder to evaluate a witness' credibility is severely hampered when such witness is absent and when his prior testimony is read into evidence. (*Mattox* v. *United States, supra,* 156 U.S. 237, 242-243 [39 L.Ed. 409, 410-411].) Only if the necessity, due to the witness' unavailability, is clearly demonstrated may the defendant's right of con-frontation be overcome, for this right is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the trier of the fact to weigh the credibility of the witness. (*Barber* v. *Page, supra,* 390 U.S. 719, 725 [20 L.Ed.2d 255, 260].) ■ For these reasons, *Barber* must be given "fully retroactive" effect. The United States Supreme Court again recently so recognized in *Jenkins* v. *Delaware* (1969) 395 U.S. 213, 221 [23 L.Ed.2d 253, 260, 89 S.Ct. 1677].[3]

■ Since the rule of *Barber* applies in this case, the transcript might properly be introduced into evidence only if the prosecution made a good faith effort to secure Bloss' attendance. The Attorney General concedes that the effort to find Bloss was insufficient under standards enunciated in *Pointer, Barber,* and *Berger.* (See *People* v. *Redd* (1969) 273 Cal.App.2d

---

[3]Even were this court to restrict the retroactivity of *Barber* to cases in which the judgments were not final on April 5, 1965, the date of the *Pointer* decision, *Barber* would apply to the present case since the case was before the Court of Appeal on that date. The Court of Appeal did not file its opinion affirming the judgment until May 10, 1965, over one month after *Pointer.* (See *In re Dabney* (1969) 71 Cal.2d 1, 10 [76 Cal.Rptr. 636, 452 P.2d 924]; compare *Linkletter* v. *Walker, supra,* 381 U.S. 618; *Fahy* v. *Connecticut* (1963) 375 U.S. 85 [11 L.Ed.2d 171, 84 S.Ct. 229]; *Johnson* v. *New Jersey, supra,* 384 U.S. 719.)

345, 350 [78 Cal.Rptr. 368]; *People* v. *Bailey* (1969) 273 Cal.App.2d 99, 106-107 [78 Cal.Rptr. 107]; *People* v. *Casarez* (1968) 263 Cal.App.2d 130 [69 Cal.Rptr. 187]; cf. *People* v. *Haeberlin* (1969) 272 Cal.App.2d 711 [77 Cal.Rptr. 553] and *People* v. *Phillips* (1969) 270 Cal.App.2d 381, 387-388 [75 Cal.Rptr. 720] where the courts found a good faith effort.)

■ Since Bloss' testimony was the *only* evidence against petitioner on count I, the prejudicial nature of the error is manifest, and the judgment of conviction as to that count cannot stand. Moreover, we are of the opinion this error was not confined solely to count I. Petitioner took the stand and denied the commission of the crimes charged in both counts. He also produced a witness in support of his alibi on count I. He thereby placed in issue both the accuracy of the victims' identifications, which were the sole evidence connecting him with the crimes, and his own credibility. Although in denying the motion for a new trial, the trial court remarked that petitioner "has a face you don't forget," its distinctive characteristics were apparently not so obvious to the witness Bloss who failed to identify petitioner at the first lineup which he attended. There is also some evidence that the jury had difficulty in reaching a verdict. It is not without significance that the jury asked in a single question that the testimony of Bloss and the cross-examination of the other victim be reread to it. Under these circumstances, unlike situations where there is overwhelming evidence of the defendant's guilt as to other charges (see, e.g., *People* v. *Nieto* (1968) 268 Cal.App.2d 231, 241 [73 Cal.Rptr. 844]; *People* v. *Blagg* (1968) 267 Cal.App.2d 598, 610 [73 Cal.Rptr. 93]), there is a reasonable possibility that the error in admitting Bloss' testimony given at the preliminary hearing contributed to the verdict of guilt on count II. By seriously impairing petitioner's credibility, such evidence may well have served to resolve the conflict between petitioner's and the victim's testimony as to that count. (*People* v. *Torres* (1964) 61 Cal.2d 264, 267-268 [37 Cal.Rptr. 889, 391 P.2d 161]; see also, *People* v. *Coffey* (1967) 67 Cal.2d 204, 224, fn. 24 [60 Cal.Rptr. 457, 430 P.2d 15].) Accordingly, we cannot "declare a belief that [the error] was harmless beyond a reasonable doubt" as to either count. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 711, 87 S.Ct. 824, 24 A.L.R.3d 1065].)[4]

---

[4]Any person who believes he is suffering from a conviction that is invalid as a result of the retroactivity of *Barber* v. *Page,* may file a habeas corpus petition with the superior court having territorial jurisdiction requesting that court to grant appropriate relief. In the event the court with territorial jurisdiction was not the court in which he was convicted, the petition should be transferred to the court where he was tried. (*In re Caffey* (1968) 68 Cal.2d 762, 765, fn. 3 [69 Cal.Rptr. 93, 441 P.2d 933].) Petitions should not be filed with this court or the Court of Appeal. The court in which he was tried should review the record, and if none, should prepare an ade-

The writ is granted. The judgment is vacated in its entirety, and petitioner is remanded to the custody of the Superior Court of Los Angeles County for a new trial.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J. concurred.

---

quate record that will resolve the questions whether the prosecution made a "good faith effort" to secure the presence of the absent witness and if not, whether the witness' testimony was prejudicial. (*Chapman* v. *California, supra,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].)