[Crim. No. 5036.   Second Dist., Div. One.   June 2, 1953.]

THE PEOPLE, Respondent, v. RANKIAN FOLEY, Appellant.

Alexander L. Oster for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, P. J.—On September 26, 1951, an information was filed by the district attorney against defendant, charging grand theft in two counts, numbered I and III, violation of Vehicle Code, section 503, in two counts (II and IV), and one count of forgery in count V.

Defendant was duly arraigned and entered a plea of not guilty to the offenses charged in the information. Subsequently, defendant with his counsel present, and by leave of court, withdrew his plea of not guilty as to count II of the information (violation of section 503, Vehicle Code), and entered a plea of guilty thereto.

Defendant's request for leave to file an application for probation was granted and on *December 18, 1951, judgment* was pronounced as to said count II of the information, by which defendant was sentenced to serve one year in the county jail. Execution of sentence was suspended and defendant was granted conditional probation for a period of three years. In July of 1952, the probation order was modified to require defendant to pay a fine in the sum of $40.

On March 19, 1953, the order theretofore entered granting probation was revoked and sentence imposed on December 18, 1951, as to count II of the information, ordering sentence of one year in the county jail, to be in full force and effect.

On *March 30, 1953,* defendant signed a written notice of appeal "from the judgment in the above action and from the whole thereof."

The People have filed a motion to dismiss the appeal on the ground that the judgment from which said appeal was

taken became final in December of 1951, and that the time allowed for an appeal (rule 31, Rules on Appeal) has long since expired.

Appellant had full opportunity to appeal from the judgment entered on December 18, 1951, even though execution thereof had been suspended after the judgment was pronounced (*People* v. *Howerton,* 40 Cal.2d 217, 219 [253 P.2d 8]; *People* v. *Neal,* 108 Cal.App.2d 491, 493 [239 P.2d 38]).

Appellant urges that his notice of appeal should be considered as having been taken from the order made on March 19, 1953, revoking the prior order granting probation and ordering the "sentence imposed on December 18, 1951, as the count 2 of the information, committing the defendant to the County Jail of the County of Los Angeles for the term of one year . . . in full force and effect." Appellant contends that this order was appealable under subsection 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from "any order made after judgment, affecting the substantial rights of the party."

There can be no question but that the appeal must be dismissed if it be regarded as having been taken from the judgment entered on December 18, 1951 (rule 31, Rules on Appeal). While the rule just cited provides that the notice of appeal "shall be liberally construed in favor of its sufficiency," such language does not have reference to the time within which an appeal may be taken, but only as to the form of such notice.

We are of the view that the order of March 19, 1953, under the circumstances here shown, had no more legal effect than an order of commitment in any case where judgment had been pronounced and execution of sentence suspended (*In re Ralph,* 27 Cal.2d 866, 869 [168 P.2d 1]).

The appeal is dismissed.

Doran, J., and Scott, J. pro tem., concurred.