[Crim. No. 11453. Second Dist., Div. Four. June 29, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. BERNARD CLINTON, Defendant and Appellant.

Bernard Clinton, in pro. per., and Glory D. Coffey, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,

Assistant Attorney General, and Howard J. Bechefsky, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.— The question presented is whether multiple sentencing, in violation of Penal Code section 654, may be corrected, long after the judgment has become final, upon motion made in the court which pronounced judgment. Our conclusion is that the sentencing court has no continuing jurisdiction for this purpose.

The record shows that, after a jury trial, defendant was convicted in the Superior Court of Los Angeles County on three counts of a consolidated information which charged the following offenses:

(I) Assault with intent to commit rape upon Rose Mathews on February 12, 1961 (Pen. Code, § 220);

(II) Burglary, in that defendant entered a building occupied by Rose Mathews on February 12, 1961, with the intent to commit felonies (Pen. Code, § 459);

(III) Murder of Rose Matthews [*sic*] on May 26, 1961 (Pen. Code, § 187).

The jury found the burglary to be of the first degree and the murder to be of the second degree.

In his motion defendant states that on February 12, 1961, he entered the home of the victim and attempted to rape her. When she resisted defendant struck her. Shortly afterwards defendant was arrested and charged with burglary and assault. On May 26 the victim died. A new information was then filed (and later consolidated with the earlier one) charging murder upon the theory that the blows struck on February 12 caused the death.

On October 25, 1961, the court sentenced defendant to be imprisoned in the state prison for the term prescribed by law on each count, the terms to run consecutively.

No appeal was taken from this judgment.

On July 27, 1965, defendant filed in the Superior Court of Los Angeles County a motion to vacate the judgment upon the ground that the sentence was excessive under Penal Code section 654.[1] The document stated that defendant was then incarcerated in Folsom State Prison, which is located in Sacramento County, California.

---

[1]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

On July 29, 1965, without conducting any formal hearing, the judge before whom the case had been tried made an order, which was entered in the minutes of the court, stating that the motion is "considered and denied. . . ." Thereafter defendant filed a notice of appeal from that order.

 Assuming the truth of the facts asserted in the motion, all three crimes were parts of a continuous course of conduct, motivated by a single objective. Under these circumstances, defendant was subject to punishment for only one of the offenses. (*People* v. *McFarland,* 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449].)

It is possible that there was substantial evidence introduced at the trial to support a finding by the sentencing court that the burglary, the assault and the murder were distinct acts, unconnected in purpose and commission. If that is the situation, the sentence is proper and defendant is not entitled to relief. (*In re Chapman,* 43 Cal.2d 385 [273 P.2d 817].)

 Nevertheless, defendant has alleged facts which would make his sentence improper, and he is entitled to an opportunity to prove them, there being nothing to the contrary in the record before the superior court or this court. (*People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].) So far as appears, no reporter's transcript of the evidence at the trial has ever been prepared. We put aside the possibility that, in ruling on the motion, the judge, having tried the case, relied upon his recollection of the evidence as a basis for denying the motion. We assume that if the judge had based his ruling upon his knowledge of facts not in the superior court clerk's file the minute order would have so declared.

 The excessive sentence could have been corrected by a timely appeal from the judgment, as was done in the *McFarland* case *supra.* Or it may be corrected by a habeas corpus proceeding brought in the jurisdiction in which the defendant is confined. (*In re Ward,* 64 Cal.2d 672 [51 Cal.Rptr. 272, 414 P.2d 400]; *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839].) In the case at bench the motion cannot be treated as a petition for a writ of habeas corpus either in the superior court or in this court. A superior court has power to issue a writ of habeas corpus only on a petition by or on behalf of a person in custody within the county (Cal. Const., art. VI, § 5) and each justice of the District Court of Appeal is empowered to issue writs of habeas corpus "to any part of his appellate district. . . ." (Cal. Const., art. VI, § 4b). Thus territorial jurisdiction in habeas corpus is lacking.

■ The general rule is that after a sentence has been entered in the minutes of the court and the defendant has begun serving his sentence, the trial court is without jurisdiction to vacate or modify it. (*People* v. *McAllister,* 15 Cal.2d 519, 526 [102 P.2d 1072].)

■ Where the sentence pronounced is, on its face, beyond the power of the court to impose for the offense of which the defendant was convicted, the court has jurisdiction, at a later time to impose a legal sentence. (*In re Robinson,* 142 Cal. App.2d 484 [298 P.2d 656].) ■ That rule is not applicable here, for the sentence is not on its face improper. The claimed error in this case consists of an improper application of the law to facts which can be found only in the evidence received at the trial or upon the arraignment for judgment.

A very limited class of errors of fact not appearing on the face of the record may be redressed by a motion which is commonly referred to as a petition for writ of error *coram nobis.* (See *People* v. *Thomas,* 52 Cal.2d 521, 527, fn. 2 [342 P.2d 889]; Witkin, Cal. Criminal Procedure (1963) § 626, p. 616.) The limitations upon the use of *coram nobis* have recently been pointed out in *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]. ■ One of the requirements for relief is that the petitioner must show some fact which, without fault on his part, was not presented to the court at the trial on the merits. In the case at bench the factual basis, if any, for defendant's contention was known to him and disclosed in the evidence at the trial. Clearly a motion in the nature of *coram nobis,* as defined in *Shipman,* is not available for defendant's purpose.

■ We must conclude therefore that the court in which defendant was convicted had no jurisdiction to reconsider its sentence in the light of defendant's attack upon it. Defendant's remedy now is by habeas corpus.

■ Since the Superior Court of Los Angeles County lacked jurisdiction to act upon defendant's motion, its order is not appealable. (*People* v. *Thornton,* 233 Cal.App.2d 1 [43 Cal.Rptr. 691].)

The appeal is dismissed.

Jefferson, J., and Kingsley, J., concurred.