[Crim. No. 16031.  Second Dist., Div. Three.  Dec. 18, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGELINO PAUL BUCCHERI, Defendant and Appellant.

**COUNSEL**

Henry H. Angell, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**COBEY, Acting P. J.**—Angelino Paul Buccheri appeals from an order made on August 5, 1968, refusing to set aside the order of October 19, 1965, revoking the seven-year probation granted him on December 4, 1963, and December 17, 1963, following the suspension of the execution of his sentences in three cases (Cr. Nos. 273498, 280292, 281175) in which he pled guilty to burglary and attempted burglary.[1]

Appellant failed to follow below the procedure prescribed by Penal Code section 1203.2 for direct attack upon an order revoking probation after pronouncement of judgment. This statute provides that within 30 days after

---

[1]On motion of the People, prior to plea and sentence, case number 280292 was consolidated into case number 281175. On our own motion, pursuant to rules 12(a) and 30 of the California Rules of Court, we have added to the record on appeal the superior court files in the three cases.

the court has notice that execution of the sentence has commenced, the court may, upon motion for good cause, set aside the order revoking probation. Instead appellant orally moved in open court on July 15, 1968, to set aside the revocation order and dismiss all three cases on the ground that the trial court lost jurisdiction over him when both the district attorney and the court below failed to heed, until February 1968, his written request made during October or December of 1966 that hearings on the revocation of his probation be immediately held or the charges dropped.[2] This claim of loss of jurisdiction rests upon an alleged violation of appellant's right to a speedy trial granted him by both the United States and the California Constitutions. (U.S. Const., Amend. VI; Cal. Const., art. I, § 13.) Appellant argues that he was entitled constitutionally to the rights accorded to those defendants in federal correctional institutions by Penal Code section 1381.5, and to those defendants in prison elsewhere by the interstate compact on detainers, Penal Code section 1389, et seq.

Appellant's position is untenable. He had complete trials in all three cases in 1963. Neither statute applies to his situation, as he concedes. He was never a prisoner in a federal correctional institution during the period at issue, namely, from October or December 1966 to February 1968, when he was brought back to California. Arizona, where he was imprisoned in 1966 and 1967, is not a party to the interstate compact on detainers. Furthermore, the purpose of the compact is to provide cooperative procedures whereby persons can, when imprisoned in one state, be speedily brought to trial in another state on the charges pending against him in the latter state. (See Pen. Code, § 1389, art. I.) There were no such charges pending against appellant in California in 1966 and 1967 on which he was

---

[2]The apparent facts, which were never formally proved, upon which appellant relies, are the following. In April 1965, without obtaining permission from his probation officer, appellant left California for Arizona. On October 19, 1965, his probation was revoked for failure to report to his probation officer and a bench warrant was issued for him. On December 29, 1965, appellant was arrested in Arizona for certain crimes allegedly committed there. Subsequently he was imprisoned in the Arizona State Prison. While there, in either October or December of 1966, he sought by petition and letter, respectively, to the court below and to the local district attorney, immediate prosecution of the detainers which had been placed against him or, in the alternative, that such detainers be dropped. On December 28, 1966, they apparently were dropped.

On October 10, 1967, appellant was released from the Arizona State Prison. On November 16, 1967, he received a traffic citation in Covina, California. Six days later he was arrested in Phoenix and sentenced to 90 days in jail for vagrancy. New detainers were placed against him and on his release from jail he voluntarily waived extradition and was returned to California where hearings upon the propriety of the revocation of his probation began on February 23, 1968. After numerous continuances these proceedings terminated on August 5, 1968.

At no time following his unauthorized departure for Arizona did appellant ever attempt to contact his probation officer.

waiting to be tried. The only matters pending against him were two bench warrants issued upon the revocation of his probation on October 19, 1965, for failure to report to his probation officer.

■ Under *In re Davis,* 37 Cal.2d 872, 873-874 [236 P.2d.579], since probation is not a right but a privilege, there is neither a constitutional nor a statutory right to notice and hearing preceeding the revocation of probation granted after judgment. Consequently, there is no such right to notice and hearing following such a revocation of probation. ■ Furthermore, an order revoking probation, made after judgment, is not reviewable by way of appeal.[3] (*People* v. *Foley,* 118 Cal.App.2d 291, 293 [257 P.2d 452].) It may be reviewed only by habeas corpus proceedings. (See *In re Davis, supra,* at p. 875.)

■ This being so we see no reason why an order refusing to set aside an order revoking probation should be appealable. We hold that it is not.

Habeas corpus proceedings are not available to appellant in this court since his place of confinement, Folsom State Prison, is not within our territorial jurisdiction. (See Gov. Code, §§ 69100, subd. (b), 69109.)

The appeal is dismissed.

Schweitzer, J., and Allport, J., concurred.

A petition for a rehearing was denied January 13, 1970, and appellant's petition for a hearing by the Supreme Court was denied February 13, 1970.

---

[3]We are aware of *People* v. *Delles,* 69 Cal.2d 906, 908 [73 Cal.Rptr. 389, 447 P.2d 629], and *People* v. *Robinson,* 43 Cal.2d 143, 145 [271 P.2d 872], where our Supreme Court in dicta indicated to the contrary on the basis that such an order was an order made after judgment affecting the substantial rights of a party.