[Crim. No. 16417. Second Dist., Div. Five. May 1, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ANTHONY GONZALEZ, Defendant and Appellant.

## COUNSEL

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

## BRANDLER, J.*—

### Statement of the Case

On June 9, 1965, defendant was convicted in the Los Angeles County Superior Court of a violation of section 11500 of the Health and Safety Code (possession of narcotics) and he was referred for a hearing on a possible commitment as a narcotic addict. After a hearing pursuant to section 6451[1] of the Penal Code defendant was found to be a narcotic addict, and on July 25, 1965, he was committed to the California Rehabilitation Center. No appeal was taken by defendant from the conviction or commitment. On December 31, 1968, defendant filed two motions in the Superior Court of Los Angeles County, while confined in Kern County, (1) a motion for clerk's transcripts, judge and public prosecutor's statements, probation reports, copies of complaints, motions or petitions filed on behalf of movant, oral and written, all records pertaining to section 6451 Penal Code, commitment papers, psychiatric reports and all pertinent documents for case No. 298618, NDA 4748, in the Superior Court of Los Angles County, department 45, on or about the date of June 9, 1965; and (2) a motion for appointment of legal counsel. Defendant's stated purpose was to enable him to file a petition for a writ of habeas corpus in Kern County. However, he failed to set forth even generally the grounds upon which he contemplated seeking such relief.

Both motions were denied on December 31, 1968, by the Honorable Harry V. Peetris, Judge of the Los Angeles Superior Court, and notice of the denial was mailed to defendant that same date. By notice dated January 13, 1969, and filed in Los Angeles County Superior Court January 17, 1969, defendant, confined in Kern County, appeals from the order of the Superior Court of Los Angeles County denying his motions and, in his notice of appeal, again requests that he be furnished all documents previously requested in his first motion.

### Defendant's Contentions

(1) The order denying his motions to prepare transcripts and for the appointment of counsel are appealable orders; (2) defendant was entitled to the trial transcripts upon which his commitment was based and to a transcript of the commitment proceedings; and (3) he is entitled to appointment of counsel to represent him in any habeas corpus proceeding.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]Reenacted as section 3051, Welfare and Institutions Code. (Stats. 1965, ch. 1226, § 2, p. 3066.)

## Discussion

■ An order denying defendant's motion for the commitment and trial transcripts and other records is not an appealable order when made more than three and one-half years after conviction and when the adjudications were not appealed.

■ Since the time for appeal had passed on both the conviction and the commitment to the California Rehabilitation Center the court clerk could not properly accept the notice of appeal and therefore the transcripts and records requested by defendant could not be prepared as part of a record on appeal. (Cal. Rules of Court, rule 31(a).) Although defendant contends that the denial of his motion for transcripts is appealable under section 1237, subdivision 2, of the Penal Code as an order made after final judgment which affected his substantial rights, he has presented neither authority nor argument to support his contention.

■ The Los Angeles Superior Court could not entertain a petition for a writ of habeas corpus since defendant is not in custody in Los Angeles County. (*People* v. *Williams,* 238 Cal.App.2d 585, 595 [48 Cal.Rptr. 67].) The court in which defendant noticed his motions had nothing pending in regard to defendant's case except a final conviction and commitment some three and one-half years prior to the filing of the motions. It would be anomalous for a court in a county where relief by habeas corpus is not available to grant such assistance without at least requiring the same showing of need as is necessary for such relief in a habeas corpus proceeding.

Of course, defendant could have filed, and still may file, a petition for a writ of habeas corpus in Kern County where he is presently confined. If he does so, he would be entitled to appointed counsel and transcripts and records only upon a proper showing of their need. (*Wilson* v. *Wade* (9th Cir. 1968) 390 F.2d 632, 634 cert. granted by U.S. Supreme Court, 393 U.S. 1079 [21 L.Ed.2d 772, 89 S.Ct. 882] (1969, No. 409); *McGarry* v. *Fogliani* (9th Cir. 1966) 370 F.2d 42, 44; *Flowers* v. *State of Oklahoma* (10th Cir. 1966) 356 F.2d 916, 917.) He would not have been entitled to such assistance to review a record in the hope of discovering some basis for relief by way of habeas corpus. Since he had no right to the relief sought, obviously no substantial right of defendant was affected by the denial of his motions.

The appeal, therefore, is dismissed.

Kaus, P. J., and Reppy, J., concurred.