[Crim. No. 10742. First Dist., Div. Three. Aug. 3, 1972.]

In re RICHARD THOMAS on Habeas Corpus.

32

## COUNSEL

Philip Martin for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Joyce F. Nedde and Michael Buzzell, Deputy Attorneys General, for Respondent.

## OPINION

**CALDECOTT, J.**—Richard Thomas petitions for a writ of habeas corpus to challenge revocation of probation following suspension of execution of sentence.

Petitioner, currently confined in San Francisco County jail, was twice convicted in 1971 of a misdemeanor (Pen. Code, §§ 488, 459). Each time he was sentenced by the San Francisco Municipal Court to county jail (120 days and 6 months, respectively), execution of sentence was suspended and two years probation was granted on condition that petitioner serve time (45 and 30 days, respectively) in county jail. In April 1972 petitioner was arrested and charged with robbery (Pen. Code, § 211). At the arraignment on April 11 petitioner pleaded not guilty, and the matter was transferred so a preliminary hearing date could be set. Then the district attorney informed the court that petitioner was on probation and made an oral motion based upon the police officer's report of the latest charge to revoke that probation. The court and public defender read and discussed the report. The public defender asserted petitioner's innocence, but because the report indicated there were two eyewitnesses the court revoked probation and ordered the sentences be served consecutively. Subsequently the complaint of robbery was discharged when the prosecution witnesses failed to appear. The judge was informed of this discharge but refused to vacate his order. A similar petition for a writ of habeas corpus was denied by the superior court. This petition followed.

It has generally been held that habeas corpus is a proper procedure for challenging the revocation of probation when judgment and sentence have been pronounced but execution thereof has been suspended. (*In re Davis,* 37 Cal.2d 872, 875 [236 P.2d 579]; *People* v. *Youngs,* 23 Cal. App.3d 180, 183, fn. 1 [99 Cal.Rptr. 901]; *People* v. *Buccheri,* 2 Cal.App. 3d 842, 845 [83 Cal.Rptr. 221].) Indeed, it is the subject of some dispute whether the order of revocation is reviewable on appeal as an order made after judgment which affects the substantial rights of the party. (Pen. Code, § 1237, subd. 2.) (Order appealable: *People* v. *Delles,* 69 Cal.2d 906, 908 [73 Cal.Rptr. 389, 447 P.2d 629] (dictum); *People* v. *Robinson,* 43 Cal. 2d 143, 145 [271 P.2d 872] (dictum); *People* v. *Smith,* 12 Cal.App.3d 621, 624, fn. 1 [90 Cal.Rptr. 811] (dictum); see *In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445] (order modifying probation is appealable). Order nonappealable: *People* v. *Youngs, supra,* 23 Cal.App.3d 180, 183, fn. 1 (implication from dictum); *People* v. *Buccheri, supra,* 2 Cal.App.3d 842, 845; *People* v. *Foley,* 118 Cal.App.2d 291 [257 P.2d 452] (actual holding).)

Petitioner's first contention is that the probation revocation did not comply with the relevant statute, Penal Code section 1203.2.[1] According

---

[1]Penal Code section 1203.2 provides in part as follows:
"(a) At any time during the probationary period of a person released on probation under the care of a probation officer pursuant to this chapter, any probation or peace

to petitioner, subdivision (b), and not subdivision (a), was applicable to this case. Petitioner maintains that subdivision (a) applies only when a probationer is arrested for a violation of probation and not when he is arrested on an unrelated matter; hence the term "rearrest."

■ The purpose of subdivision (a) is to obtain the presence of probationer, and whether that presence is obtained by arrest for a violation of probation or arrest for a subsequent offense is immaterial. The term "rearrest" can reasonably apply to either arrest. To satisfy petitioner's interpretation the police would simply have to "rearrest" probationer for a probation violation once he was already arrested for a subsequent offense. Such a requirement would exalt form over substance. As long as petitioner is present the purpose of subdivision (a) is accomplished and that subdivision can apply.

Petitioner contends that probation may not be revoked solely on the basis of a police report. Subdivision (a) permits revocation on the basis of the probation report "or otherwise." That language does not permit the trial court unlimited discretion. (*In re Bine, supra,* 47 Cal.2d 814, 817; *In re Cook,* 67 Cal.App.2d 20, 24-25 [153 P.2d 578].) In *Cook* (overruled on other grounds in *In re Davis,* 37 Cal.2d 872, 874 [236 P.2d 579]) the court said "the phrase 'or otherwise' must refer to a showing comparable to or of equal solemnity with a report of a probation officer or a showing that the ends of justice require the intervention of the court or that the court in its judgment has reason to believe the facts disclosed by such sources. Again the plain inference of the wording of the section is not that

---

officer may without warrant or other process and at any time until the final disposition of the case, rearrest the person and bring him before the court or the court may, in its discretion, issue a warrant for his rearrest. Upon such rearrest, the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses.

"(b) Upon its own motion or upon the petition of the probationer or the district attorney of the county in which the probationer is supervised, the court may modify, revoke, or terminate the probation of the probationer pursuant to this subdivision. The court shall give notice of its motion, and the district attorney shall give notice of his petition to the probationer and the probation officer; and the probationer shall give notice of his petition to the probation officer. The court shall refer its motion or the petition to the probation officer. After the receipt of a written report from the probation officer, the court shall read and consider the report and either its motion or the petition and may modify, revoke, or terminate the probation of the probationer upon the grounds set forth in subdivision (a) if the interests of justice so require.

"The notice required by this subdivision may be given to the probationer upon his first court appearance in such proceeding."

the belief of the court may be predicated upon some ethereal supposition but that it is a reasonable belief predicated upon a sufficient factual presentation." (67 Cal.App.2d at p. 26.) No case is cited and none has been found that permits revocation of probation solely on the basis of a police report. However, the fact that a revocation is based on the information contained in a police report would not in itself invalidate the revocation, if the report fulfills the requirements of *Cook*. As a matter of practice it would be better for the court to have a probation report to consider since that report will contain not only the relevant information of the police report but also will contain a review of the probationer's conduct while on probation. The court will be better able to exercise its discretion with all of the facts before it. ■ Nonetheless, the report here, made in the ordinary course of the officer's daily affairs, and containing a statement of one eyewitness that he saw petitioner commit the crime, sufficiently satisfies the requirements of *Cook*. The report contains facts and a statement of an eyewitness, not conclusions of the officer who did not witness the alleged offense.

The final contention raised by petitioner is that the revocation proceeding denied him due process. The due process issue was discussed in *People v. Youngs, supra,* 23 Cal.App.3d 180. In *Youngs* imposition of judgment and sentence had been suspended and probation granted. At a later date probation was revoked and judgment and sentence were imposed. The court in reversing the judgment stated: "It appears to us that fundamental principles of due process and fair play demand, and we hold, that after a summary revocation of probation and before sentencing a hearing is required at which the defendant is entitled to be represented by counsel, to be advised of the alleged violation and given an opportunity to deny or explain it, and, if necessary, present witnesses on his own behalf." (*Id.* at p. 188.) The court observed that under present law when probation is granted *after judgment is pronounced but execution of sentence suspended* the procedure announced was not required, and probation could be revoked ex parte with the defendant being sent directly to prison, citing *In re Davis, supra,* 37 Cal.2d 872. The court in *Youngs,* however, expressed the opinion that it could find no meaningful distinction between the two procedures.

In *Davis* the court said at page 873, ". . . there is neither a constitutional nor a statutory right to notice and hearing preceding revocation of probation. The federal Constitution does not give such a right. (*Escoe* v. *Zerbst* (1935) 295 U.S. 490, 492 [79 L.Ed. 1566, 1568, 55 S.Ct. 818].) And we do not believe that section 13 of article I of our state Constitution should be held to give petitioner a greater right in this respect than he is

accorded under the federal Constitution, for under our law, as under the federal law, probation is not a right but a privilege (see *People* v. *Williams* (1944) 24 Cal.2d 848, 855 [151 P.2d 244]; *Escoe* v. *Zerbst, supra*)." The *Davis* case was cited with approval in *In re Marks* (1969) 71 Cal.2d 31 [77 Cal.Rptr. 1, 453 P.2d 441].

In the recent case of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed. 2d 484, 92 S.Ct. 2593], the United States Supreme Court, without specifically mentioning the above cases, in effect overruled them. The court stated at page 481 [33 L.Ed.2d at page 494], " '[T]his Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a "right" or as a "privilege." ' *Graham* v. *Richardson,* 403 U.S. 365, 374 (1971). Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.' *Joint Anti-Fascist Refugee Committee* v. *McGrath,* 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring), quoted in *Goldberg* v. *Kelly,* 397 U.S. 254, 263 (1970). The question is not merely the 'weight' of the individual's interest, but whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment. *Fuentes* v. *Shevin,* 407 U.S. 67 (1972)." The *Morrissey* case involved a revocation of parole, not probation, but this distinction as applied to the present case is slight and "the nature of the interest" involved in both situations is the liberty of the parolee or probationer.

▇▇▇ Thus, we believe that *Morrissey* requires that after summary revocation of probation, if that procedure was used, but in any case, prior to the final decision on the revocation of probation by the court, a hearing must be held at which the defendant is entitled to be represented by counsel, to be given written notice of the alleged violation and to be given an opportunity to deny or explain it, and, if necessary, present witnesses on his own behalf. The court should state the ground or grounds upon which it has based its decision. Concerning the type of hearing to be conducted, the court in *Morrissey* at page 489 [33 L.Ed.2d at page 499] stated: "We emphasize there is no thought to equate this second stage of parole revocation [the hearing prior to final decision] to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."

*Morrissey* at page 485 [33 L.Ed.2d at page 497] makes reference to a preliminary hearing "by someone not directly involved in the case," following the arrest of the parolee and prior to the formal hearing by the parole board. This hearing would determine whether there is probable cause to believe the parolee has committed acts which would constitute a violation of parole. The court states that a lapse of two months between arrest and the revocation hearing "would not appear to be unreasonable." (*Id.* at p. 488 [33 L.Ed.2d at p. 498].) In this stage of the proceedings our probation and parole systems differ. If a warrant of arrest for a probationer is issued by the court, there is an informal determination by "someone not directly involved in the case," the judge, that there is probable cause to believe a violation of probation has occurred. If the arrest of probationer is made by a probation or peace officer without warrant, Penal Code section 1203.2, subdivision (a) provides that the probationer shall be brought before the court. In either case the matter is before the court and can be disposed of within a short period not approaching the two-month limit. Thus the *Morrissey* requirement of a preliminary hearing is provided for under our existing law.

■ In April 1972 at the time probation was revoked in the present case, defendant had no right to a hearing on revocation of his probation. (*In re Davis, supra,* 37 Cal.2d 872) (other than as provided in Pen. Code, § 1203.2, subd. (e)). *People* v. *Youngs, supra,* was decided in January 1972 and although requiring a hearing under the facts of that case reiterated the rule of *Davis* that there is no right to a hearing prior to revocation of probation in a case where judgment has been previously pronounced. *Morrissey* v. *Brewer* was decided on June 29, 1972. ■ The Supreme Court in that case, at page 490 [33 L.Ed.2d at page 499], stated that the *Morrissey* requirements are applicable to *future revocations* of parole. Thus in the present case, the trial court in April 1972 correctly followed the rule as it existed at that time and the requirements of *Morrissey* will apply only to cases in which probation was revoked after June 29, 1972.

The petition for writ of habeas corpus is denied.

Draper, P. J., and Brown (H. C.), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 20, 1972.