[L.A. No. 30524. In Bank. Mar. 3, 1976.]

BERTRAM S. GRIGGS, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO
COUNTY, Respondent;
ROBERT B. HEDBERG et al., Real Parties in Interest.

## Counsel

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Karl J. Phaler, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Charles S. Wolfe for Real Parties in Interest.

## Opinion

**WRIGHT, C. J.**—Petitioner, Bertram S. Griggs, as Superintendent of the California Institution for Men at Chino (hereinafter Chino), seeks a writ of mandate to compel the respondent court to quash orders to show cause and to dismiss proceedings in each of three matters wherein the real parties in interest, while inmates at Chino, made applications for habeas corpus relief. ■ At issue is the territorial limitation on the jurisdiction of superior courts to entertain petitions for and to grant relief in habeas corpus matters. We hold that such limitations as may have existed prior to 1966 were eliminated by constitutional revision in that year. (Const., art. VI, § 10, adopted Nov. 8, 1966.) We accordingly deny the petition for the writ of mandate.

Each of the real parties in interest was an inmate at Chino when his petition was filed with respondent court in the county wherein Chino is

located.[1] However, each had been transferred in the normal course of prison administration to a penal institution outside the county at the time the order to show cause issued. Petitioner herein thereupon moved in each of the habeas corpus proceedings to quash the order to show cause on the ground that the inmate was no longer confined in the county. Each of the inmates moved in the respondent court for the transfer of his cause to the superior court of the particular county in which he was then confined. The respondent court denied in each case the motion to quash but did not rule on the motions to transfer.

At this juncture the alternative writ issued herein and the respondent court has taken no further action. It appears, however, that real party in interest Ramirez has filed in respondent court a notice of motion to dismiss his petition for the writ of habeas corpus on the ground that the petition is moot and that real party in interest Hedberg has filed a notice of motion to dismiss his petition for the writ on the ground that he no longer desires the relief originally sought. Such real parties in interest thus disclaim any continuing interest in the relief initially sought and, inferentially, in these proceedings. ■ ■■■ The third real party in interest, Cisneros, concedes that respondent court lacked jurisdiction to issue the order to show cause but contends that it retained jurisdiction to transfer the matter and should be required to do so.[2]

■ Prior to the 1966 constitutional revision of article VI it was recognized that a superior court had power to issue a writ of habeas corpus *only* on a petition by or on behalf of a person in custody within the same county. (*People* v. *Clinton* (1966) 243 Cal.App.2d 284, 287 [52 Cal.Rptr. 221].) The 1966 revision eliminated the former express limitation on the power of superior courts to act only within "their respective counties" (Const., art. VI, § 5, as amended Nov. 6, 1928, repealed Nov. 8, 1966; see *Carrara* v. *Superior Court* (1952) 113 Cal.App.2d 823 [248 P.2d 954]), and imposed no express limitation on the current power of the courts to exercise "original jurisdiction in habeas corpus proceedings."[3] The constitutional history thus provides

[1]We do not here critically examine or dispose of the merits of the inmates' contentions other than to note that the claims are not frivolous and that the respondent court duly issued its order to show cause in each case.

[2]The parties to a judicial proceeding cannot, either jointly or severally, effectively stipulate or concede that the court either has or lacks jurisdiction to act in the particular matter. (See *Schlyen* v. *Schlyen* (1954) 43 Cal.2d 361, 375-376 [273 P.2d 897].)

[3]Prior to the amendment, article VI, section 5, provided in pertinent part: ". . . [S]uperior courts . . . shall have power to issue writs of . . . habeas corpus on petition by

persuasive support for the proposition that the former territorial limitation was eliminated by the 1966 constitutional revision.

Petitioner urges that we have interpreted the current constitutional provision to give it a meaning consistent with the established rule prior to the 1966 revision. It appears, however, that he relies on decisions in which territorial jurisdiction was not an issue. Thus in *In re Crow* (1971) 4 Cal.3d 613 [94 Cal.Rptr. 254, 483 P.2d 1206], the issue presented was the validity of a final order in litigated habeas corpus proceedings had in the superior court of the county where the petitioner was an inmate. The order set aside a judgment obtained in another superior court on the ground that the sentencing procedures had denied petitioner a speedy trial. We upheld the validity of the order setting aside the judgment, giving it a res judicata effect. (*Id.,* at p. 623.) We noted for future guidance, however, that although a court in which the petition is filed has jurisdiction to entertain the proceedings it should nevertheless, after ascertaining that the petition states a prima facie case for relief, transfer the matter to the superior court wherein the proceedings under attack had been litigated as that court is better situated to entertain the attack. (*Id.,* at p. 624.) Any language appearing in our dicta discussions which implies a continuing territorial limitation on habeas corpus jurisdiction was neither intended nor necessary to our conclusions therein.

Nor may any similar implication be drawn from *In re Cortez* (1971) 6 Cal.3d 78, 88-89 [98 Cal.Rptr. 307, 490 P.2d 819] [wherein we stated that an inmate seeking relief pursuant to *People* v. *Tenorio* (1970) 3 Cal.3d 89 (89 Cal.Rptr. 249, 473 P.2d 993) "may" file a petition for the writ of habeas corpus with the superior court of territorial jurisdiction which petition should then be transferred to the original sentencing court (see also *People* v. *Tenorio, supra,* 3 Cal.3d 89, 95, fn. 2)], from *In re Montgomery* (1970) 2 Cal.3d 863, 868-869, fn. 4 [87 Cal.Rptr. 695, 471 P.2d 15] [wherein we fashioned a similar procedural formula in the case of an inmate seeking habeas corpus relief pursuant to *Barber* v. *Page* (1968) 390 U.S. 719 (20 L.Ed.2d 255, 88 S.Ct. 1318)] or from *In re Caffey* (1968) 68 Cal.2d 762, 765, fn. 3 [69 Cal.Rptr. 93, 441 P.2d 933] [wherein we noted the general rule that a petition stating a prima facie case for habeas corpus relief may properly be filed in the county of an inmate's

---

or on behalf of any person in actual custody, in their respective counties."

In the revision of 1966, the pertinent provisions of article VI, section 5, were incorporated in article VI, section 10, which now provides in part: "The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings. . . ."

confinement but that such court should then transfer the cause to the court which rendered the judgment for a determination on the merits (see also *In re Haro* (1969) 71 Cal.2d 1021, 1025-1026 [80 Cal.Rptr. 588, 458 P.2d 500])].

Courts of Appeal decisions which rely on the established rule prior to the 1966 constitutional revision without considering the effect thereof likewise do not aid petitioner. (See *People* v. *Brady* (1973) 30 Cal.App.3d 81, 88, fn. 1 [105 Cal.Rptr. 280]; *In re Rinegold* (1970) 13 Cal.App.3d 723, 725, fn. 1 [92 Cal.Rptr. 18]; *People* v. *Gonzalez* (1970) 7 Cal.App.3d 163, 166 [86 Cal.Rptr. 512]; *People* v. *Buccheri* (1969) 2 Cal.App.3d 842, 845 [83 Cal.Rptr. 221].) Petitioner also relies on Penal Code section 1508 but that section, insofar as is here pertinent, provides only that a "writ of habeas corpus issued by a superior court or a judge thereof may be made returnable before the issuing judge or his court," and does not purport to deal with a territorial limitation on the power to entertain the writ.

We are obligated, of course, to accord reasonable meaning to a revision of any constitutional provision. When the revision, however, results in the elimination of language which had been construed to impose a territorial limitation on the exercise of habeas corpus jurisdiction, the only inference reasonably permissible is that the people of the state intended to eliminate not only the language but also the limitation which, without the language, has no other basis for continued life. (See *In re Michael E.* (1975) 15 Cal.3d 183, 189 [123 Cal.Rptr. 103, 538 P.2d 231].) We conclude, accordingly, that there is now no territorial limitation on the power of a superior court to entertain a petition for habeas corpus relief.[4]

Our conclusion that a territorial limitation on the exercise of habeas corpus jurisdiction no longer exists does not mean that this court

---

[1]Although not a factor which enters into our considerations herein, we comment briefly on petitioner's contention that practical considerations in the administration of habeas corpus relief as claimed by inmates throughout the state prison system compel a territorial limitation on the exercise of jurisdiction. We are unable to conclude, contrary to petitioner's contention, that such a rule would save the state significant funds which would otherwise be used in providing travel for a petitioner, as few habeas corpus proceedings require evidentiary hearings or the production of the petitioner in a particular court. Petitions which challenge judgments are to be heard, as we hereinafter provide, by the court wherein judgment was rendered and generally can be resolved on the record whether there is or is not a territorial limitation on jurisdiction. Petitions which challenge prison conditions are, as hereinafter appears, to be heard by the court in the county where the prison is located for obvious practical reasons and not because of any inherent restriction on jurisdiction.

cannot provide rules of judicial procedure to be followed by superior courts in the exercise of that unlimited jurisdiction. We have already provided such rules (e.g., *In re Cortez, supra,* 6 Cal.3d 78, 88-89; *In re Montgomery, supra,* 2 Cal.3d 863, 868-869, fn. 4; *In re Caffey, supra,* 68 Cal.2d 762, 765, fn. 3), to which we continue to adhere. ■ Although any superior court has jurisdiction to entertain and adjudicate a petition for the writ of habeas corpus, it does not follow that it should do so in all instances. As a general rule the court wherein the petition is presented must, if the petitioner has otherwise complied with pertinent rules, file the petition and determine whether it states a prima facie case for relief.[5] If it does not, the petition should be denied. (*In re Swain* (1949) 34 Cal.2d 300 [209 P.2d 793].) If the petition states a prima facie case for relief, then the court must determine whether it will hear the matter on the merits. If the challenge is to a particular judgment or sentence, the petition should be transferred to the court which rendered judgment if that court is a different court from the court wherein the petition was filed, in accordance with directions contained in our earlier decisions heretofore noted. If the challenge is to conditions of the inmate's confinement, then the petition should be transferred to the superior court of the county wherein the inmate is confined if that court is a different court from the court wherein the petition was filed.

There will be, of course, petitions filed in which the relief sought does not fall within either of the above categories. We do not attempt herein to state a general rule or all-inclusive specific rules which direct the proper procedural disposition in each instance. We note, however, that unless there is substantial reason for transferring a petition it should be entertained and resolved in the court where filed. In the case of real party in interest Cisneros, for example, a claim is made that Department of Corrections' records erroneously reflect a prior conviction which precludes Cisneros from assignment to a work camp. No reason appears why such issue cannot be as efficiently resolved by respondent court as by any other court, and in that case the petition should be heard and resolved by the respondent. That court should nevertheless not be precluded from transferring the petition should it appear, inter alia, that an evidentiary hearing is necessary and that the persons who will participate therein are more efficiently available to another court or that such other court is better situated to conduct a hearing.

---

[5] Note the exception in *In re Cortez, supra,* 6 Cal.3d 78, 88-89, footnote 9, to which we continue to adhere.

The alternative writ is discharged and the petition for a peremptory writ is denied. The respondent court is directed to proceed in accordance with the views expressed herein.

Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

**McCOMB, J.,** Concurring and Dissenting.—I concur that procedural rules for the efficient disposition of petitions for habeas corpus seeking post-conviction relief should be promulgated. I dissent from the holding that the territorial limitations of superior courts were eliminated by the 1966 revision of the Constitution. With no discussion whatever, the majority states that the constitutional history provides persuasive support for its holding. In my opinion the words "in their respective counties" in former section 5 were purposely omitted from present section 10 without any intent to change the substance.

A fundamental principle of construction is to give effect to the intent of the framers of the Constitution and the people in adopting it. (13 Cal.Jur.3d, Constitutional Law, § 36, p. 78.) The framers of the 1966 revision were the 50-60 members of the Constitution Revision Commission created by the Legislature in 1963 as part of a vast project to modernize and update the state's lengthy, antiquated Constitution. The tone of this objective was set in Assembly Concurrent Resolution No. 77 (July 1, 1963.)* The commission's initial report to the Legislature was the result of an exhaustive two-year study of seven articles of the former Constitution, article-by-article. (See Cal. Const. Rev. Com. Proposed Rev. of the Cal. Const. (Feb. 1966) p. 81 et seq.) Regarding article VI, the commission commented that "Various provisions were deleted as redundant, obsolete, or unnecessary for constitutional treatment. Those provisions that warrant consideration as statutes will be called to the attention of the Legislature." (P. 82.) "The conversion to statutory form may be advisable for one or more reasons. First the provisions may be so detailed as to have no place in a constitution, which is supposed to set forth the 'organic law.' Second the provisions may be of a nature requiring the flexibility that only statutory form can provide." (P. 102.) "Detailed provisions for jurisdiction [of superior courts in former section 6] were deleted in accord with the Commission's view that such matters are more appropriate in statutes." (P. 81.)

---

*The preamble states: "WHEREAS, the Constitution of the State of California through the process of constant amendment has grown to be bad in form, inconsistent in many respects, filled with unnecessary detail, and replete with matter which might more properly be contained in the statutory law of the State; and

"WHEREAS, The State Constitution, adopted in 1879, has grown from a document of

The section with which we are concerned is former section 5. Every paragraph and sentence was analyzed in detail by the commission and was either "revised and retained in some form," or was recommended for statutory consideration. (Comparative Sections Table, p. 83.) The sentence granting superior courts and their judges power to issue writs of habeas corpus was "revised and retained in some form," and the substance thereof is restated in the first paragraph of present section 10 dealing with original jurisdiction. (P. 90.) Nowhere in its report is. there the slightest indication by the commission that revised section 10 was intended to grant unlimited territorial jurisdiction. Language in former sections that vested power in the justices of the Supreme Court and Courts of Appeal to issue writs of habeas corpus within territorial limits was likewise omitted from present section 10, with the comment: "Deletion of the provisions in existing Sections 4 and 4b concerning the issuance and returnability of writs of habeas corpus was made because the matter can be dealt with by the Legislature under the grant of original jurisdiction." (*Ibid.*)

Since article VI was revised, not amended, it is presumed that the commission intended that its revised and restated provisions should have the meaning attributed to them in the earlier document. In the absence of any intent by the commission to alter our construction of former section 5, we should give the language of the revised section 10 the same meaning and effect as we ascribed to the previous constitutional provision. (*In re Lavine,* 2 Cal.2d 324, 331 [8] [41 P.2d 161, 42 P.2d 311]; 13 Cal.Jur.3d, Constitutional Law, § 50, p. 97.)

The views expressed herein were derived not only from the commission's comments but from the 1967 Judicial Council Annual Report. (Ch. 3, p. 65 et seq.) The council fully supported the revision of article VI and concluded that the commission "had done an excellent job of removing obsolete language, deleting unnecessary procedural provisions,

---

some 16,000 words to an instrument exceeding 70,000 words in length, as contrasted with the Federal Constitution of about 7,500 words; and

"WHEREAS, a constitution should contain only the basic and fundamental law of a state, rather than being filled with detailed and statutory material; and

"WHEREAS, The people of the State of California did approve at the 1962 general election Proposition 7, which amended Article XVIII, Section 1 of the State Constitution to permit the Legislature to propose revisions of the Constitution, in addition to its power to propose amendments thereto; and

"WHEREAS, These facts point to a very real need for revision of the State Constitution, to make it a truly organic and basic guarantee of rights, and indicate the manner in which such revision may be obtained . . . ." (Stats. 1963 (Reg. Sess.) res. ch. 181, pp. 4973-4974.)

and introducing the constitutional flexibility needed to permit a modern and efficient administration of California's judicial system." (P. 65.) "A number of matters previously covered in the Constitution—either by explicit and detailed language in the Constitution itself or *by settled case law interpretation of the prior constitutional language*—are not treated specifically in the new Judicial Article. Sometimes the subject is included by implication in the broader, more general language used in the new article." (P. 66.) "Section 10 deals with the original jurisdiction of the Supreme Court, courts of appeal, and superior courts. It restates in a single provision the *substance* of matters formerly covered in a number of scattered provisions relating to the original jurisdiction of these courts. . . . The *procedure for the exercise of this original jurisdiction* is left to promulgation by statutes and rules, but the authority of the named courts to issue writs of habeas corpus is specifically preserved as is the power of any judge of such a court to issue these writs." (P. 75.) (Italics added.)

The foregoing convinces me that the people of the State of California in adopting the revisions of article VI on November 8, 1966, did not intend to abolish the territorial limitations of superior courts. The omitted verbiage was deemed unnecessary and inappropriate in the constitutional grant of original jurisdiction in habeas corpus proceedings.