[Crim. No. 28185. Second Dist., Div. One. May 10, 1976.]

In re ANTHONY VAN HEFLIN on Habeas Corpus.

**COUNSEL**

Twohy & Brown and Richard J. Twohy for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Respondent.

**OPINION**

LILLIE, J.—Petition for writ of habeas corpus was filed by a prisoner at the California Medical Facility at Vacaville, seeking an order striking

from the abstract of judgment reference to a prior felony conviction, and modifying his sentence from 10 years to life by reducing it to 5 to 15 years for a violation of section 11500.5 (now § 11351), Health and Safety Code.

On November 1, 1973, petitioner entered a plea of guilty to a violation of section 217, Penal Code (assault with intent to commit murder), and two violations of then section 11500.5, Health and Safety Code (possession for sale of heroin), and admitted a prior (1961) felony conviction (possession of marijuana). Reciting two earlier trials in the cause and the death of the prosecution witness, the People in writing acquiesced in the pleas. Petitioner was sentenced on November 27, 1973.

At the time of oral pronouncement of judgment and sentence the trial court requested and received from petitioner a waiver of formal arraignment for judgment; it then sentenced him on each count to the state prison "for the term prescribed by law," said terms to run concurrently. The court made no mention of the admitted prior felony conviction during the oral sentencing proceeding; further, the court's minute order of November 27, 1973, contains no reference to the prior. However, reference to the prior felony conviction does appear in the minute order of judgment and in the abstract of judgment.[1]

Petitioner first sought writ of habeas corpus in the superior court in Sacramento County in which he was confined. In accord with the procedure set forth in *In re Crow,* 4 Cal.3d 613 [94 Cal.Rptr. 254, 483 P.2d 1206] the petition was transferred to the Los Angeles Superior Court, the sentencing court, which summarily denied relief. Petitioner then filed petition for writ of habeas corpus in this court. We determined that the petition stated a prima facie case for relief based upon the inclusion of the prior felony conviction in the abstract of judgment in the absence of reference thereto by the court when sentencing petitioner, but declined to transfer the petition to the court of appeal in the district in which petitioner is confined inasmuch as his challenge to the abstract of judgment is directed to what would amount to a procedural error in the oral pronouncement of judgment and sentence. (*Griggs* v. *Superior Court,* 16 Cal.3d 341, 347 [128 Cal.Rptr. 223, 546 P.2d 727].) Thus, this court issued an order to show cause; written return in

---

[1] The superior court file contains no abstract of judgment but petitioner represents that it does, and the Attorney General's return is predicated on the fact that it includes reference to the prior conviction.

opposition to the petition was filed; and the cause was argued before this court.

■ Implicit in the decision to entertain the petition on its merits is our conclusion, based on *Griggs* v. *Superior Court,* 16 Cal.3d 341 [128 Cal.Rptr. 223, 546 P.2d 727], that there is no longer any territorial limitation that limits the exercise of habeas corpus jurisdiction by a Court of Appeal. The California Supreme Court, in *Griggs* established that any territorial limitations on the jurisdiction of superior courts to entertain petitions for and to grant relief in habeas corpus matters as may have existed prior to 1966 were eliminated by constitutional revision in that year (Cal. Const., art. VI, § 10, adopted Nov. 8, 1966). (16 Cal.3d, at p. 343.) Inasmuch as section 10 of article VI of the California Constitution grants identical original jurisdiction in habeas corpus proceedings to both the Court of Appeal and the superior court, it follows that the 1966 constitutional revision also grants such state-wide jurisdiction to the Court of Appeal.[2]

■ Although the grant of state-wide jurisdiction is not without some procedural difficulties, exercise of jurisdiction by this court in the case at bench is appropriate because the original habeas corpus petition was properly transferred to the sentencing court in this district. Moreover, review of the superior court file in petitioner's case can be more easily accomplished within this district.

In addition to attacking the propriety of the inclusion of his prior felony conviction in the abstract of judgment, petitioner challenges the legality of his confinement under then section 11351, subdivision (b), Health and Safety Code, insofar as it precluded parole consideration for a minimum of six years.[3] However, petitioner concedes that these additional contentions were not raised in the superior court, and in light of the factual dispute regarding the minimum eligibility term, it is our view that they are not now properly before this court. (*In re Hillery,* 202 Cal.App.2d 293, 294 [20 Cal.Rptr. 759].) Also there is a question of fact underlying petitioner's challenge to the nature of his prior felony conviction which was not raised in the superior court. But since

---

[2]*People* v. *Buccheri* (1969) 2 Cal.App.3d 842 [83 Cal.Rptr. 221], adheres to the established rule prior to 1966 (p. 845), but is distinguished in *Griggs* v. *Superior Court,* 16 Cal.3d 341, 346 [128 Cal.Rptr. 223, 546 P.2d 727], as not having considered the 1966 constitutional revision.

[3]The Attorney General says that petitioner's minimum eligibility term for parole in fact has been set for less than the six-year minimum.

petitioner is entitled to relief on the first ground urged in his petition, we deem it unnecessary to decide if consideration of the new contentions would be appropriate in this district. (See *Griggs* v. *Superior Court,* 16 Cal.3d 341, 347 [128 Cal.Rptr. 223, 546 P.2d 727].)

■ By its omission of any mention of the admitted prior felony *conviction in its oral pronouncement of judgment and sentence,* the trial court failed to make it clear that petitioner was sentenced as one whose prior conviction had been admitted.[4] Under such circumstance *People* v. *Mesa,* 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337], mandates that the reference to the prior felony conviction be stricken from the abstract of judgment.

The court in *Mesa* quoted from *In re Candelario,* 3 Cal.3d 702, 706 [91 Cal.Rptr. 497, 477 P.2d 729] to the effect that in the absence of evidence to the contrary, it may be inferred from the trial court's failure to refer to an admitted prior in oral pronouncement of judgment, that the omission was an act of leniency by the court, with the silence operating as a finding that the prior conviction was not true. The Attorney General here argues that the file of petitioner's case was before the sentencing judge, thus he was well aware of the prior and intended to and in fact did sentence petitioner as one whose prior felony conviction had been admitted; and that clearly this may be inferred from the (1) written memorandum executed by the district attorney and filed on November 1, 1973 (the day the guilty pleas were entered) recommending that petitioner be allowed to plead guilty to violations of section 217, Penal Code (count I) and section 11500.5 (now § 11351) Health and Safety Code (counts II, III) "while admitting a prior narcotic conviction," (2) minute order of November 1, 1973, reciting that petitioner admitted the prior felony conviction, and (3) letter dated October 7, 1974, directed to petitioner's counsel by the sentencing judge (in response to petitioner's informal request to modify the abstract of judgment by striking reference to the prior) advising that on November 1, petitioner admitted the prior which would make applicable that portion of section 11351 which states, "or if admitted by the person." This letter did not mention petitioner's

---

[4]Inasmuch as the abstract of judgment included the prior felony conviction, petitioner was given a term of 10 years to life prescribed for a violation of then section 11500.5, Health and Safety Code, with a qualifying prior. In addition, section 11500.5 required that petitioner serve a minimum of six years before being eligible for parole consideration. The penalty for a violation of section 11500.5 without a qualifying prior was 5 to 15 years with eligibility for parole after completing service of 2½ years. Thus the inclusion of the prior in the abstract of judgment increased petitioner's sentence from 5 to 15 years, to 10 to life permitting eligibility for parole only after serving 6 years under section 11351, subdivision (b), Health and Safety Code.

request but merely set up the trial court's view of the applicable law. It is highly questionable that the letter can be considered a specific statement of the trial court's intent at the time of oral pronouncement of judgment and sentence. ██ In any event the letter was written one year after imposition of sentence; further, the trial court was then without jurisdiction to modify or change its judgment. (*People* v. *Hartsell,* 34 Cal.App.3d 8, 15 [109 Cal.Rptr. 627].) ██ The Attorney General's argument that inasmuch as the first two aforementioned documents were in the superior court file, the judge must have had them in mind when, 27 days later he orally pronounced judgment and sentence, thus petitioner was sentenced as one whose prior felony conviction was admitted, is purely speculative. In *In re Candelario,* 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], even a discussion of the admitted prior conviction at the time of oral pronouncement of judgment in a context other than that of sentencing, was not sufficient to convert the judge's silence on the subject at the time of imposition of judgment and sentence to a pronouncement that defendant was being sentenced as one whose prior felony conviction had been admitted. "The references to the prior conviction, taken in context, merely evidence the concern of the trial court for petitioner's health and that commitment to the rehabilitation center is inappropriate." (3 Cal.3d, at p. 707.) Further, the sense of *Mesa* that such speculation should not be indulged, is inherent in the court's conclusion: ██ . "In pronouncing judgment, the trial judge must make it clear the defendant is sentenced as one whose prior conviction has been admitted or found true. The trial judge here having failed to make it clear that he intended to sentence defendant as a prior offender, the reference to two prior robbery convictions is stricken from the abstract of judgment." (*People* v. *Mesa,* 14 Cal.3d 466, 472 [121 Cal.Rptr. 473, 535 P.2d 337].)

Likewise without merit is the Attorney General's contention that *Mesa* should not be applied retroactively. It is clear in the *Mesa* opinion that the court did not impose a new rule as to the oral pronouncement of judgment but merely clarified the procedure to be employed in reviewing the sufficiency of such oral pronouncement of judgment and sentence. *Mesa* is in accord with *In re Basuino,* 22 Cal.2d 247 [138 P.2d 297] which holds that a recital of the admitted prior during arraignment for judgment is an adequate reference to the prior conviction in the oral pronouncement.

██ Finally, the Attorney General argues that petitioner's admission that the alleged prior felony conviction is true was part of a plea bargain,

thus if we do not construe the sentence as one imposed on petitioner whose prior felony conviction had been admitted, the People are denied their benefit of the bargain. This may be true, but the People were aware of the trial court's omission at the time of oral pronouncement of judgment and sentence, and if they believed that the sentence was not in keeping with the plea bargain, their remedy was to object and alert the court to the need for an express finding on the prior, and give it the opportunity to consider the matter, and if the court then overruled the objection, to pursue it by appellate review. (See *People* v. *Orin,* 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) But at this point the trial judge having failed to make it clear that he intended to sentence defendant as a prior offender, that failure was judicial error and the court's oral pronouncement of judgment and sentence and the court's minutes are not now subject to change or modification by the trial court. (*People* v. *Hartsell,* 34 Cal.App.3d 8, 15 [109 Cal.Rptr. 627].)

■ The reference to the prior felony conviction in the abstract of judgment and in the minute order of judgment is stricken. The California Adult Authority is directed to fix the petitioner's sentence and determine his eligibility for parole without reference to the prior felony conviction. Inasmuch as petitioner is presently confined under a lawful order of commitment, he is not entitled to his release in the absence of action by the Adult Authority. Accordingly, the order to show cause is discharged and the petition for writ of habeas corpus is denied.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied June 7, 1976, and respondent's petition for a hearing by the Supreme Court was denied July 8, 1976.